IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROGER LEE COMPTON, JR., | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. 7:22-cv-00232 |
| v. | ) | |
| | ) | |
| PITTSYLVANIA COUNTY SHERRIFFS | ) | By: Elizabeth K. Dillon |
| DEPARTMENT, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Roger L. Compton, a Virginia inmate proceeding *pro se*, has filed a complaint under 42

U.S.C. § 1983.  He names three defendants: (1) the Pittsylvania County Sherriffs [sic]

Department; (2) Sheriff Taylor; and (3) Officer Jason Turner.  The case is before the court for an

initial review pursuant to 28 U.S.C. § 1915A.  Upon review, the court concludes that Compton's

complaint fails to state a claim against the named defendants and must be dismissed.

I.  BACKGROUND

Compton previously filed another civil rights complaint in this court *Compton v. Taylor*,

No. 7:21-cv-478, which also included Taylor and Turner as defendants.  In addressing that

complaint, the court noted that Compton appeared to be making a number of challenges to his

state convictions, criminal sentences, or the improper computation of his sentences, and that the

proper vehicle for such challenges is a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.  *See id.*, Mem. Op., ECF No. 14 (W.D. Va. Apr. 13, 2022).  The court further noted that,

to the extent he had asserted proper § 1983 claims, there were misjoined claims and defendants.

It thus directed him to file an amended complaint without misjoined claims and to file

additional § 1983 cases or § 2254 petitions, if he so chose.  *Id.*  Compton then filed an amended

complaint in that case asserting only a medical-based claim against his prison physician.  *Id.*,

Am. Compl., ECF No. 15.

Compton's new complaint in the instant case is brief.  In its entirety, the factual

allegations state as follows:

> Claim #1:  Nov. 26, 2018 false charges of abduction robbery and strangulation were filed and I was arrested held without bond until Dec. 7, 2018 when the alleged victim testified she never spoke to an officer or filed a complaint.  Charges nolle [prossed].
>
> December 7, 2018 I was held in Pittsylvania County Jail and found guilty in my absence to a public intoxication.  I was arrested for this public intoxication after being taken out of my motel room unresponsive.  Attorney James Martin has this on video.  He signed to receive this video.
>
> Claim #2: Dec. 7, 2018 I was served with abduction, robbery, strangulation again with a different alleged victim held with no bond until Jan. 27, 2020 when charges were nolle [prossed] after alleged victim never showed up for court due to false police report.

(Compl. 2–3, Dkt. No. 1.)  For relief, he asks for an unspecified amount of "compensation."  (*Id.*

at 2.)

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a

"complaint in a civil action in which a prisoner seeks redress from a governmental entity or

officer or employee of a governmental entity."  *See also* 28 U.S.C. § 1915(e)(2) (requiring court,

in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or

fails to state a claim on which relief may be granted).  Pleadings of self-represented litigants are

given a liberal construction and held to a less stringent standard than formal pleadings drafted by

lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Liberal construction does not

mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a

claim cognizable in a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387,

391 (4th Cir. 1990). Applying these standards to Compton's complaint, the court concludes that it fails to state a claim for which relief can be granted. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

First of all, the "Pittsylvania County Sheriffs [sic] Department" it not a legal entity; Virginia merely authorizes and identifies the duties of a sheriff and his deputies. *Cf.* Va. Code Ann. §§ 15.2-1609, 15.2-1609.1. And even if plaintiff had named the sheriff himself in his official capacity, a sheriff in Virginia is an "arm of the State" for purposes of the Eleventh Amendment and is entitled to Eleventh Amendment immunity from suit. *Bland v. Roberts*, 730 F.3d 368, 390–91 (4th Cir. 2013); *see also Cadmus v. Williamson*, No. 5:15-cv-045, 2016 WL 1047087, at *4–*5 (W.D. Va. Mar. 10, 2016) (dismissing with prejudice claims for money damages against the sheriff in his official capacity). "[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Thus, all § 1983 claims seeking money damages against the sheriff in his official capacity are subject to dismissal. The court thus construes Compton's remaining claims as being brought only against Taylor and Turner in their individual capacities.

With regard to the public intoxication charge, Compton appears to be challenging his conviction. He states that he was found guilty of the charge but suggests that he was not voluntarily in public and should not have been convicted. As explained to Compton in the court's opinion and order in his prior case, this type of claim generally must be brought in a petition pursuant to 28 U.S.C. § 2254, after first exhausting his state court remedies. Relatedly, the rule in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), prohibits § 1983 claims for damages that would "necessarily imply the invalidity" of a plaintiff's prior conviction. There is a narrow exception to the *Heck* bar, however, for cases where a litigant "could not, as a practical matter, [have sought] habeas relief" while in custody." *Griffin v. Baltimore Police Dept.*, 804 F.3d 692,

3

696 (4th Cir. 2015).  That exception has been applied, for example, in circumstances where a plaintiff had only a few months to make a habeas claim before he was released from custody.  *Id.* at 696–97 (discussing *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008)).

Nowhere does Compton identify the sentence he received for his public intoxication conviction, nor does he specifically allege that he was unable to make a habeas claim while in custody.  The court recognizes that possibility, however.  Thus, to the extent Compton is attempting to seek damages based on his public intoxication conviction, he must allege facts sufficient to show that he could not have pursued federal habeas corpus while in custody for that conviction.  *See id.* at 697.

As to two sets of charges that were nolle prossed, it appears to the court that Compton is likewise attempting to assert a claim of malicious prosecution.  As the Fourth Circuit has explained,

> [a] "malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000).  To state such a claim, a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor.  *See Durham v. Hormer*, 690 F.3d 183, 188 (4th Cir. 2012).

*Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012).

Although his allegations are sparse, Compton has arguably alleged that he was seized pursuant to legal process unsupported by probable cause.  As to the first set of charges, he alleges that the victim never talked to the police, thereby plausibly suggesting that the police or other charging authorities invented the allegations.  As to the second set, he alleges that they were based on a "false" police report.

4

Likewise, by alleging that his charges were nolle prossed, he also has satisfied the third element of favorable termination. *See Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022) (holding that "favorable termination" is satisfied so long as the prosecution ended without a conviction; no "affirmative indication of innocence" is required).

What Compton's complaint fails to do, however—as to either the public intoxication charge or the other charges—is to identify any action or omission by either of the individual defendants that played any role in the alleged malicious prosecution. He does not allege that either of them had anything to do with any of those charges. Absent such personal involvement or participation, he has failed to state a claim against either defendant. Accordingly, his complaint must be dismissed.

### III.  CONCLUSION

For the foregoing reasons, the court will summarily dismiss Compton's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted. In consideration of his status as a *pro se* litigant, however, and because he may be able to state sufficient factual allegations to state a plausible claim of malicious prosecution against the named defendants, the court dismisses the complaint without prejudice and will allow Compton an opportunity to file an amended complaint, if he so chooses.

An appropriate order will be entered.

Entered: June 24, 2022.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
United States District Judge